UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| MARYLAND TRANSIT OPPORTUNITIES COALITION<br>5 Lochness Court<br>Rockville, MD 20850, and<br><br>BENJAMIN ROSS, Ph.D.<br>4710 Bethesda Avenue, #819<br>Bethesda, MD 20814,<br><br>　　　　　　　　Plaintiffs,<br><br>　　　v.<br><br>FEDERAL HIGHWAY ADMINISTRATION<br>1200 New Jersey Avenue, SE<br>Washington, DC 20590,<br><br>　　　　　　　　Defendant. | Civil Action No. _____ |

**COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF**

1.　On April 25, 2022, pursuant to the Freedom of Information Act (FOIA), 5 U.S.C. § 552, Plaintiffs requested records from the Federal Highway Administration (FHWA) pertaining to a development project of the Maryland Department of Transportation (MDOT) which had been reviewed by FHWA.

2.　Federal law requires an agency to issue a determination on a FOIA request within 20 days and then promptly produce the requested documents.  Despite the passage of over 11 months since their initial request, Plaintiffs still have not received a determination or the documents.  Plaintiffs therefore bring this action asking the Court to compel FHWA to issue a determination on their request and to produce the requested records.

# I

## JURISDICTION AND VENUE

3. This Court has jurisdiction over this action pursuant to 5 U.S.C. § 552(a)(4)(B) (FOIA jurisdiction provision) and 28 U.S.C. § 1331 (federal question jurisdiction). Venue is proper under 5 U.S.C. § 552(a)(4)(B) and 28 U.S.C. § 1391(e) (federal agency is a defendant).

# II

## PARTIES

4. Plaintiff Maryland Transit Opportunities Coalition (MTOC) is an unincorporated association consisting of organizations of transit riders, transit workers, and transit advocates. MTOC is dedicated to the expansion and improvement of rail transit networks in Maryland and regularly takes public positions on state transportation policy and projects. MTOC sues to enforce its rights under FOIA.

5. Plaintiff Benjamin Ross, Ph.D., is the Chair of MTOC and is a journalist, author, and advocate on transit issues. His work addressing the transportation project that is the subject of his FOIA request has been published in the *Washington Post* and *Maryland Matters.* Dr. Ross is also the author of the book *Dead End: Suburban Sprawl and the Rebirth of American Urbanism*, which was published by Oxford University Press. Dr. Ross submitted the FOIA request at issue to FHWA, on his own behalf and on behalf of MTOC, to obtain information to use for his and MTOC's work. Dr. Ross sues to enforce his rights under FOIA.

6. Defendant FHWA is an agency of the United States within the United States Department of Transportation (DOT) that is headquartered in the District of Columbia. On information and belief, FHWA has possession of and control over some or all of the requested records.

## III

## FACTS

**A.   THE PLAN TO IMPROVE PARTS OF I-270 AND I-495**

1. In September 2017, MDOT announced a "Traffic Relief Plan" with the stated intent of reducing traffic congestion and improving conditions for Maryland commuters. The first phase in this plan focuses on improvements to interstate highways 270 (I-270) and 495 (I-495).

2. The portion of I-495 at issue in the Traffic Relief Plan includes the American Legion Bridge which connects Virginia and Maryland.

3. On March 16, 2018, as part of the Traffic Relief Plan, MDOT and FHWA published a Notice of Intent initiating a study on the environmental impact of adding managed lanes to major portions of I-495 and I-270. "Managed lanes" are lanes within a freeway that are not accessible to all vehicles at all times.

4. On November 12, 2019, Virginia and Maryland announced the "Capital Beltway Accord," which is a plan to add high-occupancy toll lanes to a section of I-495 consisting of the American Legion Bridge and adjoining sections of highway in Virginia and Maryland.

5. On February 7, 2020, MDOT issued a Request for Qualifications (RFQ) to begin soliciting bids for the "I-495 & I-270 P3 Program Phase 1: American Legion Bridge I-270 to I-70 Relief Plan" (the "Phase 1 Toll Lane Project"). The respondents to the RFQ would be eligible, if judged qualified, to bid to construct and implement the Phase 1 Toll Lane Project.

6. In June 2020, MDOT and FHWA issued a Draft Environmental Impact Statement called the "I-495 and I-270 Managed Lanes Study."

7. On July 24, 2020, MDOT issued a draft Request for Proposals (RFP) directed to the qualified bidders for the Phase 1 Toll Lane Project.

8. On December 18, 2020, MDOT issued a final RFP directed to the qualified bidders for the Phase 1 Toll Lane Project and held submissions open for five days, until December 23, 2020.

9. On information and belief, over the period between July 24, 2020, and December 18, 2020, MDOT communicated confidentially with each of the qualified bidders for the Phase 1 Toll Lane Project contract. These communications are referenced in the RFQ as the "innovative dialogue process."

10. On February 18, 2021, MDOT awarded the Phase 1 Toll Lane Project to a consortium called Accelerate Maryland Partners, which was led by an Australian firm called Transurban.

11. In October 2021, MDOT and FHWA issued a Supplemental Draft Environmental Impact Statement called the "I-495 and I-270 Managed Lanes Study."

12. In June 2022, MDOT and FHWA issued the Final Environmental Impact Statement called the "I-495 and I-270 Managed Lanes Study."

13. In August 2022, FHWA issued a Record of Decision authorizing MDOT to proceed with "Alternative 9 – Phase 1 South" under which four high-occupancy toll lanes, two in each direction, would be constructed on portions of I-495 and I-270. These toll lanes would be developed and managed by Accelerate Maryland Partners.

14. The Phase 1 Toll Lane Project has been a subject of public debate in Maryland. MTOC and Dr. Ross have taken public positions opposing the Phase 1 Toll Lane Project on the ground that it is bad public policy and an inequitable and unwise solution to traffic problems.

15. On March 9, 2023, Transurban withdrew Accelerate Maryland Partners from the Phase 1 Toll Lane Project.

16. No public announcement has been made regarding whether there will be another solicitation or award for the Phase 1 Toll Lane Project.

17. MTOC and Dr. Ross continue to request the documents at issue to continue their investigation and advocacy.

**B. FHWA'S POSSESSION OF AND CONTROL OVER THE REQUESTED DOCUMENTS**

18. Pursuant to 23 U.S.C. § 106, FHWA requires state transportation departments to provide it with plans to make changes to interstate highways so that it can provide approval and oversight.

19. FHWA develops Stewardship & Oversight Plans for all projects that it considers to be "major." *See* 23 U.S.C. § 106(g) & (h).

20. FHWA classified the I-495 & I-270 Managed Lanes Study as a "major" project and prepared a Stewardship & Oversight Plan for it.

21. FHWA's Stewardship & Oversight Plan provides for the Maryland Division of FHWA ("FHWA Maryland Division") to review and comment on MDOT's procurement process for the Phase 1 Toll Lane Project.

22. MDOT intended to finance large portions of the Phase 1 Toll Lane Project with a Transportation Infrastructure Finance and Innovation Act (TIFIA) loan from DOT. Receiving a TIFIA loan requires compliance with various federal, state, and local open procurement laws as well as other requirements set by DOT regulations.

23. FHWA's Stewardship & Oversight Plan explicitly requires the FHWA Maryland Division to review the project's financing. That includes reviewing the project's TIFIA application.

24. The documents sought in the FOIA request at issue relate to Plaintiffs' investigation of the Phase 1 Toll Lane Project, FHWA's oversight of it, and whether there has been compliance with all applicable laws, including open procurement laws.

25. On information and belief, FHWA has possession of and control over some or all of the requested documents. If FHWA does not have some or all of the documents requested, Plaintiffs are entitled to a response that FHWA does not have the documents.

C. **PLAINTIFFS' FOIA REQUEST AND CORRESPONDENCE WITH FHWA**

26. By email dated April 25, 2022, Plaintiffs submitted a FOIA request to FHWA pursuant to 5 U.S.C. § 552(a)(3). The request states in relevant part:

> This is a request under the Freedom of Information Act.
>
> I request a copy of records pertaining to the I-495 & I-270 Managed Lanes Study.
>
> The specific records I request are as follows:
>
> 1) All procurement documents for the I-495 & I-270 Managed Lanes Study reviewed by FHWA and/or received from MDOT.
>
> 2) All comments relating to such procurement documents sent by FHWA to MDOT.
>
> 3) Transmission letters or emails for such procurement documents and comments, and all correspondence relating to such documents and comments between FHWA and MDOT.
>
> I believe that these records are located at FHWA's Maryland Division office. According to the Stewardship & Oversight Plan we received last Friday, April 22, in response to our FOIA request 2022-0054, the activities of the Division on this project include "review procurement documents."

27. On April 28, 2022, FHWA stated:

> The Freedom of Information Act (FOIA) provides the public the right to request access to records from any Federal agency. . . . .
>
> Under USDOT regulations at 49 C.F.R. § 7.24(a)(5), requesters should describe the record or records sought to the fullest extent possible. In this regard, the request should describe the subject matter of the record and, if known, indicate the date when it was made, the place where it was made, and the individual or office that

6

made it.  Under 49 C.F.R. § 7.24(d), a request is not considered to be a FOIA request if the record or records sought are insufficiently described such that DOT is unable to respond as required by FOIA.  Likewise, requests that are so broad and sweeping that they lack specificity are not reasonably described.

Before FHWA can accept your request, please provide additional information regarding the records you seek.  Thank you.

28.    On May 2, 2022, Plaintiffs responded:

Following your email instructions, I provide herein more detail about my request for the procurement documents pertinent to the I-495 & I-270 Managed Lanes Study.

1. The documents reviewed by FHWA and/or received from MDOT for the Pre-Development Agreement for the project's Phase 1, including:

a) The Request for Qualifications, and Request for Proposals, with instructions, attachments, and exhibits pertinent to the RFQ and RFP in their respective draft and preliminary versions.

b) Bid Analysis for the Pre-Development Agreement proposals, including the draft, preliminary, and final versions[.]

c) Copies of all communications between MDOT and any of the bidders during the "innovative dialogue process" which occurred between July 24, 2019 [*sic*, should be 2020], and the RFP issued on December 18, 2019 [*sic*, should be 2020].

d) All documents comprising the Capital Beltway Accord.  These documents include a "draft agreement, drafted term sheet and two bi-state cooperation letters" as MDOT explained to Maryland Matters in an April 20, 2022 article. (The Capital Beltway Accord is incorporated into the Pre-Development Agreement and referenced in the RFQ and RFP.)

e) Documents pertinent to the appeal, filed by a losing bidder, to the award of the Pre-Development Agreement contract.

2. FHWA review comments on the documents listed in item (1) above, and any documents recording FHWA activities for "review and comment on P3 procurement" and "review procurement documents" as specified on page 4 of the project's S&O [Stewardship & Oversight] Plan.

My request for items (1) and (2) above covers formal FHWA review comments as well as the transmission emails and letters, meeting agendas and subsequent minutes, and other ancillary communications between FHWA and MDOT pertinent to the federal oversight activities for this project.

> Please call me to discuss this if you need further clarification and thanks again for your assistance.

29. Later on May 2, 2022, FHWA issued a letter accepting the clarified request, acknowledging that it was received on May 2, 2022, and assigning it FOIA Control Number 2022-0115.

30. On May 10, 2022, the FHWA Maryland Division sent Plaintiffs an email seeking a second clarification. In relevant part, FHWA stated: "Before FHWA can accept your request, please provide additional information regarding the records you seek. To aid in this, I have included your request with highlighted sections." FHWA highlighted the following portions of Plaintiffs' request:

> 2. FHWA review comments on the documents listed in item (1) above, and any documents recording FHWA activities for "review and comment on P3 procurement" and "review procurement documents" as specified on page 4 of the project's S&O Plan.
>
> My request for items (1) and (2) above covers formal FHWA review comments as well as the transmission emails and letters, meeting agendas and subsequent minutes, and other ancillary communications between FHWA and MDOT pertinent to the federal oversight activities for this project.

31. On May 13, 2022, Plaintiffs responded as follows:

> While I disagree with your assertion that part of my request 2022-0115 was insufficiently described (for one thing, the FHWA headquarters FOIA office accepted my initial clarification), in the interest of time I withdraw the portions of my request that you highlighted in your email. I reserve the right to pursue these documents in future FOIA requests. I continue to request item 1.
>
> I remind you that because, among other reasons, these are not deliberative documents, review of procurement documents was part of FHWA's oversight activities (as stated in the S&O Plan), and the I-495 & I-270 Managed Lanes project is competing for a federal benefit (TIFIA loans), these documents may not be withheld under FOIA exemption (b)(5).

32. FHWA did not respond to Plaintiffs' May 13, 2022 email.

33. On June 27, 2022, Plaintiffs emailed FHWA requesting confirmation that it had received the May 13, 2022, email and requesting an update on the status of the request.

34. On July 6, 2022, FHWA issued a letter stating the following:

> The Federal Highway Administration (FHWA) processes FOIA requests as quickly as possible on a first-in, first-out basis. The time it takes to respond to each request varies depending on the complexity of the request itself and the backlog of requests already pending in FHWA's FOIA queue. <u>In some circumstances, FHWA will be able to respond to the request within the standard time limit established by the FOIA, which is twenty working days</u>. In other instances, there might be a longer period of time needed before the request can be completed. Although FHWA makes every effort to respond to FOIA requests as quickly as possible, in some cases we simply cannot do so within the time specified in the FOIA. Based on the current volume of FOIA requests and the complex nature of this request, <u>our estimated timeframe for completion of this request is mid-September 2022</u>. [emphases added]

35. On September 20, 2022, Plaintiffs requested another update from FHWA.

36. On October 13, 2022, FHWA issued a letter with the same language that was in the July 6, 2022 letter, but with a revised estimated completion date of January 31, 2023.

37. On February 3, 2023, Plaintiffs again requested an update.

38. On February 28, 2023, FHWA issued another letter, again with the same language as the July 6, 2022 letter, but with a revised estimated completion date of May 1, 2023.

39. Plaintiffs have not agreed to any of the revised time estimates given by FHWA.

**D.   FHWA'S FAILURE TO TIMELY ISSUE A DETERMINATION AND PRODUCE THE REQUESTED DOCUMENTS**

40. FOIA requires agencies to "determine within twenty days (excepting Saturdays, Sundays, and legal public holidays) after the receipt of [a FOIA] request whether to comply with such [a] request," and to "immediately notify the person making such request of such determination and the reasons therefor" and provide information regarding the right to seek assistance from the FOIA Public Liaison and the right to appeal an adverse decision. 5 U.S.C. § 552(a)(6)(A)(i); *see also* 49 C.F.R. § 7.31(a)(2) (DOT regulations implementing FOIA); 49 C.F.R.

9

§ 7.2 (DOT regulations applicable to FHWA; "Department or DOT" defined to "includ[e] . . . all DOT Operating Administrations, any of which may be referred to as a DOT Component" and "Operating Administrations" defined as "components" of DOT including the "Federal Highway Administration").

41. After a determination is made, the agency must "make the records promptly available." 5 U.S.C. § 552(a)(3)(A); *see also* 49 C.F.R. § 7.31(a)(3).

42. An agency is permitted a ten-day extension if statutorily-defined "unusual circumstances" apply and written notice is made to the requestor setting forth those unusual circumstances. 5 U.S.C. § 552(a)(6)(B); 49 C.F.R. §§ 7.31(a)(2) & 7.34(a).

43. FHWA did not provide Plaintiffs notice of any unusual circumstances surrounding their request and therefore did not avail itself of the ten-day extension.

44. An agency is also permitted to toll the 20-day period while awaiting a response to one reasonable request for more information from the requester. 5 U.S.C. § 552(a)(6)(A)(ii)(I); 49 C.F.R. § 7.31(a)(2).

45. Plaintiffs were entitled to a FOIA determination from FHWA no later than May 31, 2022, which was 10 months ago. That is because the timeline runs from May 2, 2022, when Plaintiffs responded to FHWA's first request for clarification.

46. Over ten months have passed since Plaintiffs' May 13, 2022 communication in which Plaintiffs withdrew a portion of their request "in the interest of time."

47. No response has been made by FHWA as of the date of this complaint.

48. FHWA has failed to comply with the applicable FOIA time limit provisions.

49. Plaintiffs have exhausted their administrative remedies.

IV

**CLAIM FOR FAILURE TO PRODUCE DOCUMENTS
IN VIOLATION OF FOIA AND ITS IMPLEMENTING REGULATIONS**

50. FOIA and its implementing regulations require FHWA to issue its determination on Plaintiffs' request and produce the documents pursuant to the timelines described above. *See* 5 U.S.C. § 552(a)(6)(A)(i) & (a)(3)(A); 49 C.F.R. § 7.31(a)(2) & (a)(3). FHWA failed to issue a determination and produce the requested documents pursuant to that timeline or to date.

V

**REMEDY**

Plaintiffs hereby request that the Court:

(1) Declare that FHWA's failure to timely issue a determination and produce the records requested by Plaintiffs is unlawful;

(2) Order FHWA to promptly issue a determination and produce the records to Plaintiffs;

(3) Award Plaintiffs reasonable attorneys' fees and other litigation costs reasonably incurred in this action, as provided in 5 U.S.C. § 552(a)(4)(E); and

(4) Grant such other and further relief the Court may deem just and proper.

Respectfully submitted,

 /s/ *Daniel M. Franz*

KATHLEEN L. MILLIAN, DC Bar 412350
TODD A. GLUCKMAN, DC Bar 1004129
DANIEL M. FRANZ, DC Bar 1721996
Terris, Pravlik & Millian, LLP
1816 12th Street, N.W., Suite 303
Washington, DC  20009
(202) 204-8473
kmillian@tpmlaw.com
tgluckman@tpmlaw.com
dfranz@tpmlaw.com

April 3, 2023

*Counsel for Plaintiffs*