UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |  |
|---|---|---|
| MARYLAND TRANSIT OPPORTUNITIES COALITION, and BENJAMIN ROSS, Ph.D., | ) ) ) ) | |
| Plaintiffs, | ) ) | Civil Action No. 23-CV-894 (RDM) |
| v. | ) ) | |
| FEDERAL HIGHWAY ADMINISTRATION, | ) ) ) | |
| Defendant. | ) ) | |

**JOINT STATUS REPORT**

As previously reported, the parties have narrowed the issues to Plaintiffs' claim for attorneys' fees and expenses. ECF 24, p. 2. On February 15, 2024, Plaintiffs submitted to Defendant their request for attorneys' fees and expenses. Defendant previously reported that it was reviewing Plaintiffs' request for attorneys' fees and expenses and that it anticipated having information regarding settlement authority on or about April 10. ECF 25, p. 1. The parties also reported that, once Defendant responded, the parties would engage in discussions in an attempt to resolve this matter without judicial intervention.

Pursuant to the Court's March 22, 2024, Minute Order, the parties hereby submit that report and provide their separate positions and proposals for further proceedings below:

**Plaintiffs' Position and Proposal**

Plaintiffs agree that the parties should endeavor to resolve this matter amicably, including with mediation, if necessary, but they do not agree that mediation is appropriate now. Plaintiffs submit that mediation at this stage would be a potentially unnecessary burden on both the mediator and the parties. For example, Local Rule 84.6 requires the parties to submit to the mediator a statement outlining the facts and key legal issues of the dispute, which, at this stage, relates to the

value of the legal services provided over the course of this case. Until the Defendant completes its review, establishes settlement authority, and makes a settlement proposal, neither party is in a position to inform the mediators of the facts or legal issues in dispute regarding the attorneys' fees and expenses. Mediation prior to these prerequisites having been accomplished by the Defendant could simply lead to further delay. On the other hand, once Defendant makes a settlement proposal, it is possible that the parties could reach agreement through discussion. If the discussions fail, Plaintiffs agree that a referral to mediation may be appropriate.

Defendant previously reported that it would respond to Plaintiffs' fee submission and that, "[o]nce Defendant responds, the parties will engage in discussions in an attempt to resolve this matter without judicial intervention." ECF 25, pp. 1-2. Plaintiffs ask that, consistent with that report, the Court order: (1) Defendant to respond to Plaintiffs' fee submission by Friday, May 3, 2024 (nine days from the date of this filing); (2) the parties to thereafter engage in discussions in an attempt to resolve this matter without judicial intervention or mediation; (3) the parties to file a Joint Status Report by May 22, 2024 (28 days from the date of this filing); and (4) if the parties report at that time that they have not reached agreement, that this matter be referred to mediation before the Court Mediation Program.

**Defendant's Position and Proposal**

Defendant reports that it has completed its review of Plaintiffs' fee demand; however, it does not yet have official settlement authority and has not responded to Plaintiffs' fee request. Defendant seeks additional time to obtain the requisite authority. Defendant anticipates having the requisite authority by May 10, 2024.

Also, because of the monetary amount at issue, Defendant expressed concerns to Plaintiffs, including, but not limited to, that without a neutral third-party, the parties would not be able to

efficiently resolve this matter and discussions would be unproductive. In light of Defendant's concerns, Defendant asked Plaintiffs if they would agree to mediation. Contrary to Plaintiffs' position, because the only issue that remains is Plaintiffs' claim for attorney's fees and costs, Defendant thinks mediation would be beneficial and necessary to resolve this case in the most economical fashion. Indeed, a mediator can help facilitate fruitful discussions and assist the parties in expeditiously resolving this matter for a reasonable amount.

Although Plaintiffs oppose mediation at this juncture, to avoid any further delays, Defendant requests that the Court refer the parties to the Mediation Program of the U.S. Courts of the D.C. Circuit and that someone with experience in mediating Freedom of Information Act cases be assigned to this case. Defendant further requests that the Court stay this matter pending the close of mediation and order the parties to promptly notify the Court when mediation concludes or if a settlement agreement is reached.

\*   \*   \*

The parties submit their dispute as to whether this case is ready to be referred for mediation and request that the Court issue an order consistent with one of the proposals outlined above.

\*   \*   \*

Dated: April 24, 2024

Respectfully submitted,

MATTHEW M. GRAVES, D.C. Bar. # 481052
United States Attorney

BRIAN P. HUDAK
Chief, Civil Division

*/s/ Stephanie R. Johnson*
STEPHANIE R. JOHNSON
D.C. Bar # 1632338
Assistant United States Attorney
601 D Street, NW
Washington, DC 20530
(202) 252-7874
Stephanie.Johnson5@usdoj.gov

*Attorneys for the United States of America*

 */s/ Todd A. Gluckman*
KATHLEEN L. MILLIAN, DC Bar 412350
TODD A. GLUCKMAN, DC Bar 1004129
Terris, Pravlik & Millian, LLP
1816 12th Street, N.W., Suite 303
Washington, DC  20009
(202) 204-8482
tgluckman@tpmlaw.com

*Attorneys for Plaintiffs*